UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMILLAH SHEPPERSON, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| NATIONAL CREDIT ADJUSTERS, ) | |
| ) | |
| Defendant ) | |

## **COMPLAINT**

JAMILLAH SHEPPERSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL CREDIT ADJUSTERS ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19140.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Also, Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with its headquarters located at 327 West 4th Street, PO Box 3023, Hutchinson, Kansas 67504.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a consumer debt of another person.

10. Also, Defendant is a "person" as that term is defined by 47 U.S.C.

§153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect a consumer debt.

13. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14. Plaintiff has a cellular telephone number that she has had for more than one year.

15. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

16. Beginning in or around early June 2015, and continuing through June 12, 2015, Defendant called Plaintiff on her cellular telephone.

17. Defendant used an automatic telephone dialing system and/or artificial or pre-recorded messages.

18. When Plaintiff would pick up the phone, she would be met with a period of silence before being transferred to a live representative.

19. Plaintiff knows it was Defendant calling because she has spoken to a

male caller who identified himself as a representative of Defendant.

20. Defendant's telephone calls were not made for "emergency purposes."

21. During the parties' initial conversation with Plaintiff, Defendant informed Plaintiff that it was calling to speak to a person who Plaintiff did not know.

22. Plaintiff informed Defendant that she did not know the person it was looking for and requested that Defendant stop calling her cellular phone.

23. Defendant heard and acknowledged this request.

24. Defendant, however, did not update its records to cease calls to Plaintiff's cellular telephone.

25. Rather, Defendant continued to call Plaintiff on her cellular telephone.

26. Despite this request, Defendant continued to call Plaintiff's cellular telephone, calling at least three (3) more times.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from

engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff several times a week, with the intent to annoy, abuse and harass Plaintiff, as Plaintiff had informed Defendant to stop calling her on her cellular telephone.

## COUNT II

28. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to avoid the further harassment of Plaintiff after having been told to stop calling Plaintiff's cellular

telephone.

## COUNT III
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

telephone.

**COUNT III**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a automatic or "predictive" dialing system.

31. Defendant's calls to Plaintiff were not made for emergency purposes.

32. Plaintiff never gave express consent to Defendant for Defendant to call her cellular telephone.

33. In addition, during her initial conversation with Defendant, Plaintiff verbally revoked any prior consent she may have given for Defendant to call her cellular phone.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMILLAH SHEPPERSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls

made after Defendant was notified that they were calling the wrong person and wrong number;

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

f. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMILLAH SHEPPERSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: February 5, 2016          KIMMEL & SILVERMAN, P.C.

By: /s/Amy L. Bennecoff Ginsburg
AMY L. BENNECOFF GINSBURG
Attorney ID # 202745
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com